UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TREVOR VAN HORN,<br><br>Defendant(s). | Case No. 4:20-cr-00034-BLW-3<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Trevor Van Horn's motion to clarify sentence. (Dkt. 182.) For the reasons discussed below, the Court will grant the motion and reduce Van Horn's term of imprisonment from 100 months to 81 months.

## BACKGROUND

Van Horn was initially arrested in connection with the conduct charged in this case on January 6, 2020. At the time of his arrest, he was on parole in several state cases—Bannock County Case CR-2012-10225; Bannock County Case CR-2014-12609; and Bonneville County Case CR-2017-4036—and was detained by the state on charges of parole violation

Van Horn was charged in the present case by superseding indictment on February 25, 2020 (Dkt. 19). He was arraigned on June 24, 2020, and ordered detained (Dkt. 65).

Van Horn ultimately pled guilty to Counts One and Two of the superseding indictment. On September 23, 2021, he was sentenced to 100 months of imprisonment on each count of conviction, to run concurrently with each other and to run concurrent to imprisonment imposed in the state parole violation cases. (Dkt. 159.) The Court recommended to the Federal Bureau of Prisons that Van Horn receive credit for all of his time in federal custody. (*See* Dkt. 159.)

## ANALYSIS

On February 25, 2022, Van Horn filed a motion to clarify sentence. (Dkt. 183.) He has provided information demonstrating that the Federal Bureau of Prisons will not credit him for the time he spent in custody prior to his sentencing. (Dkts. 183, 196.) He requests that the Court reduce his sentence to provide that credit. The Government does not oppose the motion. (Dkt. 192.)

The Court's calculations show that Van Horn spent approximately 19 months in custody while this case was pending.[1] In imposing the 100 month

---

[1] The time in custody between Van Horn's arrest on January 6, 2020, and the September
(Continued)

sentence, the Court anticipated that Van Horn would be eligible to receive credit for all of the time he spent in federal custody prior to sentencing. This turns out not to be true. (*See* Dkt. 196.) The Court will therefore exercise its authority under Federal Rule of Criminal Procedure 36 to correct Van Horn's sentence.

Section 5G1.3(d) of the Sentencing Guidelines provides:

> In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

USSG § 5.3(d). The commentary to § 5.3(d) provides the following guidance:

> [I] n an extraordinary case involving an undischarged term of imprisonment under subsection (d), it may be appropriate for the court to downwardly depart. This may occur, for example, in a case in which the defendant has served a very substantial period of imprisonment on an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense. In such a case, a downward departure may be warranted to ensure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings. Nevertheless, it is intended that a departure pursuant to this application note result in a sentence that ensures a reasonable incremental punishment for the instant offense of conviction.

---

23, 2021, sentencing is 20 months and 17 days. The time in custody between Van Horns' February 25, 2020, indictment and the September 23, 2021, sentencing is 18 months and 29 days. The time between Van Horn's June 24, 2020, arraignment in the present case and his September 23, 2021, sentencing is 15 months.

**MEMORANDUM DECISION AND ORDER - 3**

USSG § 5.3(d), comment. (n.4(E)).

Here, the Court ordered the sentence in the present case to run concurrent to the state parole violation cases. Van Horn spent a substantial period of time—approximately 19 months—in state custody while the present case was pending. The Bureau of Prisons is not giving Van Horn credit for that time.

The Court finds, under these circumstances, that a 19-month departure in the sentence, from 100 months to 81 months, is appropriate to account for the time Van Horn spent in custody while the charges in the present case were pending against him. The Court further finds that this 19-month adjustment would result in a sentence that ensures a reasonable incremental punishment for the instant offense of conviction.

Finally, the Court finds that, under these circumstances, it has the discretion to adjust the sentence below the mandatory minimum of 100 months to account for the time Van Horn served while this case was pending. *See United States v. Campbell*, 617 F.3d 958, 962 (7th Cir. 2010) (finding that mandatory minimum sentence did not preclude a district court from exercising its discretion to adjust the sentence below the mandatory minimum to account for time defendant had served on unrelated state sentence).

## ORDER

**IT IS ORDERED** that Defendant Trevor Van Horn's motion to clarify

sentence (Dkt. 182) is GRANTED. Defendant's term of incarceration is reduced from 100 months to 81 months.

**IT IS FURTHER ORDERED** that, in light of this reduction in sentence, the Court no longer recommends that Defendant receive credit for time served prior to sentencing.

DATED: September 7, 2022

B. Lynn Winmill
U.S. District Court Judge