UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TREVOR VAN HORN,<br><br>Defendant. | Case No. 4:20-cr-00034-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Defendant Trevor Van Horn's pro se motion for reduction of sentence brought pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. *See* Dkt. 207. The Government opposes the motion. After considering the briefing and record, the Court will deny the motion.

### BACKGROUND

On September 7, 2022, this Court sentenced Mr. Van Horn to 81 months' imprisonment followed by a five-year term of supervised release. The underlying offenses were possession with intent to distribute methamphetamine and possession of a firearm by a prohibited person. *Judgment*, Dkt. 203. Defendant's Total Offense Level was 31 and his Criminal History Category was V, which yielded a guidelines range of 168 to 210 months. *See Stmt. of Reasons*, Dkt. 155.

## LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgement and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an exception to the general rule of finality[.]" *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission…, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing commission.

18 U.S.C. § 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. *Dillon*, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. *Id.* at 827.

## ANALYSIS

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into

Parts A and B. The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

### A.  Part A

"Part A of Amendment 821 limits the overall criminal history impact 'status points'…under § 4A1.1 (Criminal History Category)." *Id.* at 60535. Specifically, regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. In this case, Mr. Van Horn's criminal history score was 9, then increased by two status points for a total of 11 points resulting in a criminal history category V. *See Presentence Investigation Report*, Dkt. 135 ¶¶ 91 & 93. Amendment 821 reduces his status points from 2 to 1 making the total score 10. A criminal history score of 10 still results in a Criminal History Category of V, however, so Mr. Van Horn's guideline range is unaffected by Part A of the Amendment.

### B.  Part B

Part B of Amendment 821 provides for a two-level reduction in the offense

MEMORANDUM DECISION AND ORDER - 3

level for certain zero-point offenders with no criminal history and whose instant offense did not involve specified aggravating factors. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). Part B of the amendment does not apply because Mr. Van Horn is not a zero-point offender.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Reduction of Sentence (Dkt. 207) is **DENIED**.

DATED: August 7, 2024

B. Lynn Winmill
U.S. District Court Judge