UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 4:20-cr-00034-AKB-3 |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| TREVOR VAN HORN, | |
| Defendant. | |

Before the Court is Defendant Trevor Van Horn's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Dkt. 212). Having reviewed the record and the parties' submissions, the Court finds that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] For the reasons discussed below, the Court denies the motion.

## I. BACKGROUND

Defendant Trevor Van Horn was indicted alongside several co-defendants for multiple drug trafficking and firearm-related offenses (Dkt. 135). State and federal investigators conducted a multi-year investigation into the drug trafficking conspiracy, which ended with Defendant fleeing

---

[1] While this is a criminal case, the local civil rule regarding hearings will apply here because a general provision in the local civil rule will apply when there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f); *United States v. Rush*, No. 1:22-cr-00045-DCN, 2024 WL 2245574, at *1 n.1 (D. Idaho May 16, 2024) (declining to hold hearing regarding motion for early termination of supervised release pursuant to local rules).

the scene of his arrest; an officer discharging his firearm at Defendant; and Defendant suffering permanent injuries from the incident (Dkt. 135 at ¶ 119). Defendant later pleaded guilty to two counts in the superseding information: one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)), and one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924 (a)(2)) (Dkt. 93).

At sentencing, the Court explained its guideline calculations: Based on a "pure" methamphetamine calculation, Defendant would have an offense level of 29 and a criminal history category of V, resulting in a guideline range of 140 to 175 months (Dkt. 153). Based on a "mixture" methamphetamine calculation, however, Defendant's guideline calculation would be 77 to 96 months (*id.*). The Court noted that based upon statutory minimums and the Government's motion for a departure, Defendant's conduct carried a minimum term of imprisonment of 100 months (Dkt. 204 at 6, 51). Based on these factors, the Court sentenced Defendant to a term of 100 months on counts one and two, to run concurrently (Dkt. 159). The Court later amended its sentence to 81 months to account for credit for time served (Dkt. 203).

Defendant filed the instant motion for a reduced sentence (Dkt. 212), and his case was reassigned to the undersigned judge (Dkt. 213). Defendant represents that his projected release date is May 6, 2027 (Dkt. 212 at 4). In his motion for relief, Defendant attests to "extraordinary and compelling" reasons to justify compassionate release—he states he is suffering from serious medical conditions related to the officer-involved shooting; he must care for his mother and children; and he completed certain programming while imprisoned, among other reasons (*id.* at 8-22). He represents that he submitted a request for compassionate release to the Warden, which was denied on June 17, 2022, but otherwise provides no information suggesting he appealed or

attempted to appeal the denial through BOP administrative channels (Dkt. 212 at 8). The Government opposes Defendant's request for compassionate release (Dkt. 217).

## II.     LEGAL STANDARD

To grant compassionate release under 18 U.S.C. 3582(c)(1)(A), a district court must, as a threshold matter, determine whether a defendant has exhausted his administrative remedies. If the exhaustion requirement is met, the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction" and the Court concludes that the 18 U.S.C. § 3553(a) sentencing factors do not weigh against such release. 18 U.S.C. § 3582(c)(1)(A); s*ee United States v. Keller*, 2 F.4th 1278, 1283-84 (9th Cir. 2021) (citing *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021)); *see also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## III.    ANALYSIS

Section 3582(c) of Title 18 of the U.S. Code governs a defendant's ability to seek compassionate release. The statute provides that a district court "may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." In other words, a defendant must either have "fully exhausted all administrative rights to appeal a

failure of the [BOP] to bring a motion on the [inmate]'s behalf," or waited "30 days" since the "'warden of the [inmate]'s facility' received a compassionate-release request from the inmate." *Keller*, 2 F.4th at 1281 (citing 18 U.S.C. § 3582(c)(1)(A)).

Defendant's principal motion contends he exhausted his administrative remedies by first requesting a sentence reduction from the BOP, which it denied on June 17, 2022 (Dkt. 212 at 8). The Government objected to Defendant's contention that he exhausted his administrative remedies because Defendant never appealed the Warden's denial to the Regional Director or the BOP General Counsel, as required by 28 C.F.R. § 571.63(a) (Dkt. 217 at 3-4). In response, Defendant asserts that he should not be required to exhaust his administrative remedies when "exhaustion is futile" (Dkt. 220 at 2). Defendant relies principally on *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992), for the argument that courts must "balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion" (Dkt. 220 at 2). Defendant notes, however, that after the passage of the Prison Litigation Reform Act ("PLRA") in 1996, the Court held that the PLRA's exhaustion requirement is mandatory (*id.*) (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). Nevertheless, Defendant contends that sentence reductions resulting from BOP administrative reviews are so rare, he should not be required to proceed with a "procedurally futile" review (*id.* at 3).

Defendant's arguments regarding futility are contrary to binding Ninth Circuit case law. In *Keller*, 2 F.4th 1278, 1282, the Ninth Circuit explained: "§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a *mandatory* claim-processing rule that must be enforced when properly invoked." *Id.* (emphasis added). The court explained that the "statutory command" of § 3582(c)(1)(A) is clear: "a "court may not modify a term of imprisonment" unless the defendant

**MEMORANDUM DECISION AND ORDER - 4**

has fully complied with the exhaustion requirement. *Id.* (citing 18 U.S.C. § 3582(c)). In applying *Keller*, the Ninth Circuit has stated, "a district court may not reach the merits of a compassionate release motion if the government has properly objected in the district court to the defendant's failure to exhaust." *United States v. Ransom*, 859 F. App'x 58, 59 (9th Cir. 2021).

Defendant also cites *Young v. Reno*, 114 F.3d 879, 881-82 (9th Cir. 1997), for the argument that an exception to the exhaustion requirement "applies where an appeal within the agency is futile" (Dkt. 220 at 3). The Court finds this argument unpersuasive for two reasons. First, the court in *Young* addressed an agency determination under the "doctrine of exhaustion of administrative remedies" in the Administrative Procedures Act. 114 F.3d at 881. Here, however, Defendant seeks relief under 18 U.S.C. § 3582(c), which contains a statutory restriction that precludes court review absent administrative exhaustion. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining district court "*may not* modify a term of imprisonment once it has been imposed *except*" when petitioner exhausts BOP review). Second, *Young* predates the Ninth Circuit's decision in *Keller*, 2 F.4th at 1282, which provides that § 3582(c)'s exhaustion requirement is mandatory.

Here, Defendant has not presented evidence that he exhausted his administrative remedies with respect to seeking compassionate release. As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Grummer*, 519 F. Supp. 3d 760, 762 (S.D. Cal. 2021). The Government has timely objected to his motion on exhaustion grounds. Roughly three years ago, Defendant received the Warden's denial of his initial request for compassionate release, though Defendant has not submitted any evidence to suggest he appealed this decision, as required under 18 U.S.C. § 3582(c)(1)(A). *See Keller*, 2 F.4th at 1281. The Court cannot excuse Defendant's failure to pursue an administrative appeal when the Government timely

**MEMORANDUM DECISION AND ORDER - 5**

objects on exhaustion grounds. *Id.* at 1282. Accordingly, the Court denies Defendant's motion for compassionate release based on his failure to exhaust administrative remedies without reaching the merits of whether Defendant has demonstrated an "extraordinary and compelling" reason for a sentence reduction. *See Ransom*, 859 Fed. App'x at 59. If Defendant so chooses, he may properly request compassionate release from his Warden; exhaust his administrative remedies with the BOP; and then file a new motion for compassionate release that clearly articulates his basis for compassionate release. *Keller*, 2 F.4th at 1284.

**IT IS ORDERED that:**

1. Defendant Trevor Van Horn's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Dkt. 212) is **DENIED**.

DATED: July 02, 2025

Amanda K. Brailsford
U.S. District Court Judge